Bissell, J.,
delivered the opinion of the court.
This appeal is prosecuted by Harris, who was an intervener in a suit brought before a justice by The Colorado Trading & Transfer Company, against a firm doing business under the name of The Princeton Grocery and Produce Company, and originally composed of Martin, Smith and Howe. Howe went out of the firm prior to the suit, but the severance of his connection is wholly immaterial. It occurred about the middle of April, 1894, and the business was continued by Smith and Martin under the old firm name, to about the 1st of May. At this time the firm was considerably indebted to divers wholesale dealers and grocers, and had contracted a debt with Williams & Wood in Denver, amounting to about $850, and one to the appellee for $218.93. About the time the debt to Williams & Wood was contracted, the appellant, Harris, who represented that firm as a traveling salesman, in writing guaranteed the payment of the debt. There was no evidence respecting the consideration for the guaranty, and the fact of its existence is only stated as a part of the history of the case. Harris was related to one member of the firm, and probably acted from a desire to aid his relative in establishing and building up a trade. The firm became somewhat *437 embarrassed in the latter part of April, creditors were pressing them for money, and it was arranged between Smith, Martin and Harris that they should give to Harris a bill of sale for the stock in trade, goods on hand and outstanding book accounts, to secure him for the payment of the Williams & Wood bill. The transaction is stated by Harris and some of the witnesses as being a transfer for the purposes of providing for the guaranty and that debt, and the money which Harris received would appear to have been turned over to Williams & Wood in liquidation of the debt. This does not bear on the question in controversy. The case was tried before the justice, and Harris succeeded. It was then taken by appeal to the county court, and the cause again tried to the court without a jury. That court rendered a judgment against Harris and in favor of the attaching creditors, holding the transfer invalid and the attaching creditors’ rights superior to those of Harris under his bill of sale. A bill of exceptions was prepared and signed, but it contains no exception to the judgment entered.
The only question argued on this appeal and presented by the briefs of counsel is as to the sufficiency of the change of possession from the firm to Harris at the time it was attempted to carry out the terms of the transfer and put Harris in as the actual owner. The argument is to the proposition that the evidence in the case clearly demonstrates that the change of possession was such as the law requires to make the transaction valid as against purchasers or attachment creditors. Appellant’s counsel insist that the transaction is entirely valid under the various decisions of this state, and that the court erred in bolding the transfer fraudulent as against creditors. It is the only question presented for our consideration. As has already appeared from the suggestion respecting the absence of an exception to the judgment, we are precluded from considering this question. The evidence is not before us, and we are not at liberty to examine it for the purpose of determining whether we concur with the trial court in its conclusions, or whether in our judgment the evi *438 denee required a different judgment. The question has been so many times before both the appellate courts of the state, and the matter so thoroughly settled, that it is needless to cite the authorities which decide that an exception to the judgment must be saved in the bill in order to entitle us to review the case on the testimony. We are bound to assume there was evidence enough to justify the court in reaching its conclusion, and this the record shows, and we are not at liberty, on the basis of our own convictions respecting it, to reverse the judgment. We are very frank to say that we have examined the record, and while the matter is not free from difficulty, it presents no such case as must be made to warrant us in setting up our judgment against that of the trial court, who not only heard the evidence, but saw the witnesses and formed his own conclusion respecting their honesty and their good faith.
Our attention is called to no error which requires us to reverse the judgment, and it will be therefore affirmed.

Affirmed.